DANIEL MCKINNEY *vs* GEORGE A. WHITING.

No action lies to charge a person upon or by reason of false oral assurances concerning the credit and ability of a corporation of which he was the treasurer, made in order to induce the plaintiff to receive a note of the corporation, signed by him as treasurer.

TORT. The declaration alleged, in two counts, that the de‐fendant was the treasurer and managing director of the Malden and Melrose Railroad Company, and that, in order to induce the plaintiff to accept certain notes of the company, signed by

the defendant as treasurer, in payment for horses sold by the plaintiff to the company, the defendant represented to the plaintiff that the company was perfectly good, and did not owe anything, but was short of funds for ready use on account of the snow; whereas the company was in fact utterly insolvent, as the defendant knew; and the plaintiff accepted the notes accordingly. It was agreed that none of these representations were made in writing; and the case was reserved by *Metcalf*, J. for the determination of the whole court, to be tried if, upon parol proof of the representations charged, the action could be maintained.

*J. Q. A. Griffin*, for the plaintiff.

*H. C. Hutchins*, for the defendant.

BIGELOW, C. J.   The declaration sets out a case wherein the gist of the action is, that a false representation was made by the defendant concerning the pecuniary ability of a corporation, for the purpose of inducing the plaintiff to give credit to such corporation by taking their notes in part payment for property sold by the plaintiff to them through their authorized agent. The allegation is not that the plaintiff was led to give credit to the defendant by reason of such false representations, but to the corporation.   As the word "person" extends to and is to be applied in the construction of statutes to bodies politic and corporate, according to the provision contained in Gen. Sts. *c.* 3, § 7, *cl.* 13, it is clear that this action comes within Gen. Sts. *c.* 105, § 4, and cannot be maintained, unless the false representations are in writing.   The action might have been maintained on parol proof of such representations, if they had been made by the defendant concerning the credit and ability of the corporation, with the intent and design to induce the plaintiff to sell goods to the defendant on credit.   It would then have come within the cases of *Medbury* v. *Watson*, 6 Met. 246, and *Norton* v. *Huxley*, 13 Gray, 285.   But as the allegations in the declaration show that the false representations were made concerning the credit of the corporation with an intent to induce the plaintiff to part with his property to the corporation, and take their notes in payment, the case is clearly within the prohibition of

the statute, according to its well settled construction. *Kimball v. Comstock,* 14 Gray, 508. *Wells* v. *Prince,* 15 Gray, *Mann* v. *Blanchard,* 2 Allen, 386.

*Judgment for the defendant.*